```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SHAWN LANGFORD,                     )
                                    )
           Petitioner,              )
                                    ) Civil No. 09-1029
     v.                             )
                                    ) Criminal No. 05-0151
UNITED STATES OF AMERICA,           )
                                    )
           Respondent.              )
```

MEMORANDUM

Gary L. Lancaster  
Chief District Judge                            November 23, 2009

  Petitioner, Shawn Langford, has filed a <u>pro se</u> motion to vacate or set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel [doc. no. 92]. Mr. Langford bases his claim on his counsel's advice to twice waive his right to be indicted within 30 days of arrest. For the reasons set forth below, the motion will be denied.


I.  Background

  On June 7, 2005, a grand jury returned a three count indictment against Mr. Langford in connection with a March 9, 2005, armed bank robbery. The indictment consisted of a first charge for bank robbery, a second charge for armed bank robbery, and a third charge for using, carrying and brandishing a firearm during a crime of violence. This final charge of the indictment carried with it a statutory minimum of seven years imprisonment.

Mr. Langford entered a guilty plea to all three counts of the indictment and was sentenced to a total term of imprisonment of 130 months. Mr. Langford appealed. The Court of Appeals for the Third Circuit vacated his sentence and remanded for resentencing. This court resentenced Mr. Langford to a total term of imprisonment of 96 months, and one day. The sentence included the seven year mandatory minimum for the third charge and a concurrent term of one year and one day for the first two charges.

Mr. Langford timely filed his pro se motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He asserts that he was denied effective assistance of counsel because "Counsel advised me to waive my rights under [18 U.S.C. 3161(b)] under the pretense of a reduction of charges and therefore a reduction in my overall sentence."

II.     Legal Authority

Federal prisoners have a statutory remedy at 28 U.S.C. § 2255 for challenging the lawfulness of their conviction. United States v. Addonizio, 442 U.S. 178, 184 (1979). To qualify for a § 2255 remedy, "the alleged errors must raise a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (quoting Addonizio, 442 U.S. at 185) (citation omitted)). A district court

considering a § 2255 motion "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."' United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)).

Claims of ineffective assistance of counsel are reviewed under the two-prong standard of Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, a defendant must show both that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. Id. at 688, 692. Under the first prong, "[t]he proper measure of attorney performance" is "reasonableness under prevailing professional norms." Id. at 688. Counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Under the second prong, a defendant must show that counsel's deficient performance prejudiced his defense. Id. To establish prejudice, a defendant must establish more than that the unreasonable conduct might have had some conceivable effect on the outcome of the proceeding. Id. at 693-94. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Finally, we are instructed that "judicial scrutiny of counsel's performance must be highly deferential" and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Lewis v. Mazurkiewicz</u>, 915 F.2d 106, 111 (3d Cir. 1990) (quoting <u>Strickland</u>, 466 U.S. at 689). This standard is not high. We need not determine what the ideal attorney might have done in a perfect world or even what the average attorney might have done on an average day; instead, our case-by-case inquiry focuses on whether a particular counsel's conduct was reasonably effective in context.

III.   <u>Discussion</u>

In this case, Mr. Langford claims that trial counsel was ineffective because she advised him to consent to two separate 30 day extensions of the deadline set forth in the Speedy Trial Act for filing an indictment or information. Mr. Langford was arrested on March 9, 2005, the day of the bank robbery. He agreed to a first extension of the April 8, 2005 deadline to May 9, 2005. He then agreed to extend that deadline 30 more days, to June 7, 2005. On both occasions, Mr. Langford, and his attorney, signed a written waiver in which he specifically acknowledged that he was aware of his rights under section 3161(b) and voluntarily waived the right to have an indictment or information filed by the statutory, or extended,

4

deadline.  In addition, at his change of plea hearing, Mr. Langford was reminded of his Speedy Trial Act rights, and again waived them. Mr. Langford pled guilty to all charges.

The Court of Appeals for the Third Circuit has held that a defendant waives his Speedy Trial Act rights by entering an unconditional and voluntary guilty plea.  Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007).  Mr. Langford does not allege that his guilty plea was conditional or involuntary.  Nor does he allege that the Speedy Trial Act waivers themselves were made unknowingly or involuntarily.  Instead, he argues that the waivers were the result of bad legal advice because he was told that the delay could result in a reduction of charges.  Such an allegation would not necessarily abdicate this definitive rule.

However, even were we to put aside the rule for purposes of assessing Mr. Langford's claims, we find that Mr. Langford could not prove that his lawyer's advice "fell below an objective standard of reasonableness."  Mr. Langford and the government agree that during the 60 day delay in his indictment, Mr. Langford's attorney was attempting to convince the government not to charge Mr. Langford with the third count.  As Mr. Langford recognizes, were his counsel successful, he would have enjoyed a "reduction of charges" and a "reduction of [his] overall sentence."  In fact, he would have enjoyed a significant reduction because the third count is the one

that carried a 7 year statutory minimum sentence. That Mr. Langford's attorney was ultimately unsuccessful in convincing the government to not file that charge does not make her advice to give her more time to negotiate with the government objectively unreasonable. Instead, we find that Mr. Langford's counsel acted reasonably in advising him to give her more time. These are the types of tactical decisions counsel must make, and a sound tactical decision made by counsel cannot be grounds for an ineffective assistance of counsel claim. See e.g., McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999); People of Territory of Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984).

However, even were we to find that counsel's advice was objectively unreasonable (which we do not), Mr. Langford would still fail the Strickland test as he has made no showing that the 60 day delay between his arrest and his indictment caused prejudice. For instance, there is no allegation that evidence was lost during this time. Moreover, Mr. Langford simply cannot show that the result of the case would have been different had he been indicted on April 8, 2005, instead of June 7, 2005. Mr. Langford was caught fleeing from police on the same day as the robbery. There was physical evidence linking him to the crime. He gave a statement to the FBI confessing to the crime. None of these facts would be different if Mr. Langford had been indicted 60 days earlier than he was.

Nor can Mr. Langford show that this 60 day time period is so substantial as to inherently raise concerns regarding a lengthy incarceration while awaiting trial, an impairment of liberty imposed on an accused while released on bail, or other disruptions of life caused by arrest and the presence of unresolved criminal charges. United States v. MacDonald, 456 U.S. 1, 8 (1982). Based on Mr. Langford's own allegations, and the undisputed record, the 60 day delay caused him no prejudice.

IV.     Conclusion

As such, Mr. Langford is unable to satisfy either prong of the Strickland test and his motion must be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN LANGFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) Civil No. 09-1029 |
| v. | ) |
| | ) Criminal No. 05-0151 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

AND NOW, this 23rd day of November, 2009, upon consideration of petitioner's motion to vacate his conviction and sentence [Doc. No. 92], IT IS HEREBY ORDERED that the motion is DENIED.

BY THE COURT:

_____, Chief J.

cc:      All Counsel of Record